HALIDAY BROS. *et al. v.* CROOM, GARDNER *et al.*

CHANCERY PLEADINGS AND PRACTICE. *Trust deed. Beneficiaries.* A beneficiary under a trust deed may attack a claim, securrd therein, as fraudulent, and yet be allowed to claim under the trust.

FROM MADISON.

Appeal from the Chancery Court at Jackson. H. W. McCORRY, Ch.

A. W. CAMPBELL, McCORRY & BOND, BULLOCK & HOYS and J. L. H. TOMLIN for complainants.

MUSE & BUFORD for defendants.

TURNEY, J., delivered the opinion of the court.

Croom being largely indebted, made to Marshall, as trustee, a deed in trust to secure all his creditors, giving preference to Hayns & Bro. and to Gardner. After the payment of the two preferred claims, the remainder of the debts were to be paid. *pro rata.*

Complainants file this bill, charging the debt secured to Gardner to be fraudulent, and sustained the charge by proof.

There was a demurrer, upon the ground that the complainants, being beneficiaries under the deed, could not attack it in part as fraudulent, but are compelled to accept or reject the deed as an entirety. The demurrer was overruled, properly as we think. The general rule relied on is applicable only in cases where the entire deed is impeached. In such case, the attacking party must stand by his election, and if he fail, can take nothing under the deed.

To apply the rule to a case like the present, would be to give to a fraudulent debtor the power to reserve in the name of a friend a benefit to himself out of property or funds that should in equity and good conscience go to his creditors. The deed may be treated as several made for the benefit of each creditor. If, instead of one deed, the debtor had made one for each creditor, giving such preference as he

desired, and subjecting each subsequent conveyance to the liens of those preceding it, it will be hardly contended that a beneficiary under a subsequent deed is estopped to deny the *bona fides* of each or all or any of the deeds preceding the one under which he claims. Each deed would give to those claiming under it, adverse interests to those claiming. under the others. So here each creditor secured or provided for, has interests adverse to those provided for in the same deed, and each debt must stand upon its own merits, and cannot stand simply because included in a catalogue with honest ones. If, then, a beneficiary in one deed may attack the integrity of the claim of one under another and different deed, there can be no good reason why the same attack may not be made when all claim under the same deed in different rights.

The one deed is made for convenience and economy merely, but is in law as many deeds as there are beneficiaries, and must be so treated in this suit.

Affirmed.